IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESUS TOLEDO,

      Petitioner,                    CASE NO. 2:09-cv-614
                                        JUDGE FROST
v.                                   MAGISTRATE JUDGE KEMP

ED BANKS, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's motion to dismiss, supplemental memorandum in support and second supplemental response, petitioner's response in opposition, and his reply to respondent's supplemental memorandum and second supplemental response, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

### FACTS and PROCEDURAL HISTORY

Petitioner was indicted by the Guernsey County grand jury on possession of marijuana in an amount exceeding 20,000 grams, in violation of O.R.C. §2925.11(C)(3)(f). *Exhibit 1 to Return of Writ.*  After finding petitioner competent to stand trial in an entry dated October 9, 2007, petitioner signed a *Plea of Guilty* form, and on March 5, 2008, pleaded guilty to possession of drugs.  *Exhibits 3, 4 and 5 to Return of Writ.*  On March 19, 2008, the trial court sentenced petitioner to six years incarceration, pursuant to the joint

recommendation of the parties. *Exhibit 6 to Return of Writ*. Petitioner did not file a timely appeal. On January 22, 2009, he filed a motion for delayed appeal with the state appellate court. As cause for his untimely filing, he alleged that no one had advised him of his right to appeal, and he had difficulty understanding the proceedings against him because he does not speak English well and the trial court failed to provide him with an interpreter. *Exhibit 7 to Return of Writ*. On March 4, 2009, the appellate court denied petitioner's motion for delayed appeal as untimely. *Exhibit 8 to Return of Writ*. Petitioner never filed an appeal to the Ohio Supreme Court.

On August 3, 2009, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Trial court failed to inform the petitioner of his constitutional right to appeal.
>
> Trial court failed to provide this Spanish speaking petitioner an interpreter or a Spanish speaking attorney insuring that the petitioner would understand the nature of the proceedings, assist in his own defense and understand that he had the right to appeal[,] violating the petitioner's 6th, 5th and 14th Amendment rights to due process and equal protection of laws and effective assistance of counsel.
>
> 2. Ohio Supreme Court erred by dismissing the petitioner's appeal on a technicality, denying the petitioner the first right of appeal[,] a due process violation. 14th Amendment.
>
> The Ohio Supreme Court dismissed the claims based on the petitioner's affidavit of indigency, specifically why petitioner was unable to pay the filing fees.

It is the position of the respondent that this case is time-barred.

## EXHAUSTION

Before reaching the question of whether this action is time-barred, the Court notes that petitioner's claims are plainly unexhausted.  He never filed an appeal of the appellate court's denial of his motion for delayed appeal to the Ohio Supreme Court, and he may still do so, under Ohio Supreme Court Rule of Practice II, Section 2(a)(4)(a),[1] which provides:

> In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the court of appeals opinion and the judgment entry being appealed shall be attached to the motion.

Because such action remains available to petitioner, his claims remain unexhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts.  *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim.  28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S.

---

[1]  Petitioner apparently attempted to file an appeal to the Ohio Supreme Court, but his appeal was returned to him for failure to comply with the Rules of the Ohio Supreme Court.  See habeas corpus Claim Two.

838 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

Where, as here, the statute of limitations may bar petitioner from re-filing his habeas corpus petition after exhausting state remedies, this Court may stay habeas corpus proceedings under certain circumstances. In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition....
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. §2254(b) (2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

4

> indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See *id.,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines v. Weber, supra*, 544 U.S. at 277-278.

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Pace v. DiGuglielmo*, 544 U.S. 408 (2005). The United States Supreme Court has not yet further defined what may constitute "good cause" within the meaning of *Rhines. See Hnatiuk v. Trumbley,* 2008 WL 3305157 (E.D. Michigan August 11, 2008) (neither the United States Supreme Court nor any federal Circuit Court of Appeals has yet defined the "good cause" standard in *Rhines* ) (citation omitted).

> Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115

L.Ed.2d 640 (1991). *See e.g., Fernandez v. Artuz* 2006 WL 121943, *5 (S.D.N.Y., January 18, 2006); *Pierce v. Hurley,* 2006 WL 143717, *8 (S.D. Ohio, January 18, 2006); *Carter v. Friel,* 2006 WL 208872, *3 (D. Utah, January 6, 2006); *Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1207 (C.D. Cal., 2005). Others, such as *Jackson v. Roe,* 425 F.3d 654 (9th Cir.2005), and the remanded *Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005), conclude that the cause standard of *Rhines* requires a lesser showing than that for procedural default.

In *Jackson v. Roe,* the Ninth Circuit Court of Appeals concluded that good cause did not require a showing of "extraordinary circumstances." The Court said

> [W]e hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See NLRB v. Zeno Table Co.,* 610 F.2d 567, 569 (9th Cir.1979) (distinguishing between the "good cause" standard found in NLRB regulations and the "extraordinary circumstances" standard in section 10(e) of the National Labor Relations Act and noting that " 'good cause' appears to be less stringent than 'extraordinary circumstances' ').

*Jackson,* 425 F.3d at 661-62. Thus, it would appear that good cause under *Rhines,* at least in [the Ninth] Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant. This is supported by the Supreme Court's observation in *Pace v. DiGuglielmo,* 544 U.S. 408, ----, 125 S.Ct. 1807, 1813-14, 161 L.Ed .2d 669 (2005), wherein the Court declared that a petitioner's confusion over whether or not his petition would be timely filed was "good cause" for the petitioner to file his unexhausted petition in the federal court.

Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher

standard of extraordinary circumstances, necessary for equitable tolling in capital cases." *See Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D . Pa.2005). This discussion of *Rhines,* while in the context of equitable tolling of a federal challenge in a capital case, examined whether the court should previously have granted a stay of the petition considering the petitioner's particular circumstances and the shifting state of the law in Pennsylvania at the time the original petitioner [sic] was filed.

The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. At least five district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings, most without much discussion of the matter. *See e.g., Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005); *Ramchair v. Conway,* 2005 WL 2786975 at *16 (E.D.N.Y., October 26, 2005); *Boyd v. Jones,* 2005 WL 2656639 at *4 (E.D. Mich., October 14, 2005); *Fradiue v. Pliler,* 2005 WL 2204862 at *2 (E.D. Cal., September 8, 2005); and *Martin v. Warren,* 2005 WL 2173365 at *2 (E.D. Mich., September 2, 2005). Similarly at least three district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did not constitute good cause. *See, e.g., Carter v. Friel,* 2006 WL 208872, *3 (D. Utah, January 6, 2006); *Vasquez v. Parrott,* 397 F.Supp.2d 452, 464 (S.D.N.Y., 2005); *Hubbert v. Renico,* 2005 WL 2173612 at *3 (E.D. Mich., September 7, 2005).

Thus, the split of authority is broad and varied. However, the discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support ... [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to

> raise the claim or when petitioner had no knowledge of the
> claim's existence.

*Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D.Nevada 2006).

Regardless, however, of whether petitioner may establish good cause for failing, to date, to pursue a delayed appeal to the Ohio Supreme Court, the record does not indicate that his claims are potentially meritorious.  This is because it does not appear from the record that petitioner will be able to establish adequate reasons for his failure to pursue a delayed appeal to the Ohio Supreme Court as required under Ohio Supreme Court Rule of Practice II, Section 2(a)(4)(a) from the appellate court's March 4, 2009, decision denying his delayed appeal.  Because his claims are likely barred from review in the Ohio Supreme Court, they are not potentially meritorious as that term is defined under *Rhines v. Weber*, *supra*, nor would a stay of proceedings be warranted for petitioner to pursue a motion that has little, if any, likelihood of success. *See Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010)("[W]hen a petitioner is 'procedurally barred from raising [his] claims in state court,' his 'unexhausted claims are 'plainly meritless.' "), citing *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005); *see also Carter v. Friel*, 415 F.Supp.2d 1314, 1321-22 (D. Utah 2006); *Scott v. Sheldon*, 2009 2982866 (N.D. Ohio September 11, 2009)(same), citing *Neville v. Dretke, supra; See also Sieng v. Wolfe*, 2009 WL 1607769, *7, Case No. 2:08-cv-0044 (S.D. Ohio Jun. 9, 2009); *Bailey v. Eberlin,* 2009 WL 1585006, *7, Case No. 2:08-cv-839 (S.D. Ohio Jun. 4, 2009); *Carter v. Friel,* 415 F.Supp.2d 1314, 1321-22 (D.Utah 2006).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**

without prejudice as unexhausted.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge